FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATI B.,[1] | No. 1:21-cv-03088-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **ECF Nos. 12, 13** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 12, and denies Defendant's motion, ECF No. 13.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

ORDER - 2

416.902(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC),

ORDER - 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,

700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On April 1, 2019, Plaintiff applied for Title XVI supplemental security

income benefits alleging a disability onset date of January 12, 2016.[2]  Tr. 28, 77,

145-50.  The application was denied initially, and on reconsideration. Tr. 108-14.

Plaintiff appeared before an administrative law judge (ALJ) on August 18, 2020.

Tr. 47-76.  On December 21, 2020, the ALJ denied Plaintiff's claim.  Tr. 25-46.

At step one of the sequential evaluation process, the ALJ found Plaintiff has

not engaged in substantial gainful activity since April 1, 2019.  Tr. 30.  At step

two, the ALJ found that Plaintiff has the following severe impairments:

degenerative disc disease of the lumbar spine, asthma, seizures post stroke,

depressive disorder, anxiety disorder, and personality disorder.  Tr. 31.

---

[2] Plaintiff previously applied for Title XVI benefits on September 14, 2015 and

applied again for Title XVI benefits and Title II benefits on November 16, 2017.

Tr. 94.  The applications were denied initially and were not appealed.  *Id.*

ORDER - 6

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. *Id.* The ALJ then concluded that Plaintiff has the RFC to perform sedentary work with the following limitations:

> [Plaintiff] must avoid concentrated exposure to pulmonary irritants and hazards; she can do simple routine work, with no collaboration with coworkers and with superficial public contact; and she can do simple tasks in a routine work environment with few work changes.

Tr. 33.

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work. Tr. 42. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as final assembler, optical; small parts assembler; and sorting clerk. Tr. 43. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision. *Id.*

On June 7, 2021, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

ORDER - 7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence; and

2. Whether the ALJ properly evaluated Plaintiff's symptom claims.

ECF No. 12 at 2.

**DISCUSSION**

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the opinions of Krystal Plotts, M.D.; Patrick Metoyer, Ph.D.; and David Morgan, Ph.D. ECF No. 12 at 8-15.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all

ORDER - 8

medical opinions or prior administrative medical findings from medical sources.

20 C.F.R. § 416.920c(a)-(b).  The factors for evaluating the persuasiveness of

medical opinions and prior administrative medical findings include supportability,

consistency, relationship with the claimant (including length of the treatment,

frequency of examinations, purpose of the treatment, extent of the treatment, and

the existence of an examination), specialization, and "other factors that tend to

support or contradict a medical opinion or prior administrative medical finding"

(including, but not limited to, "evidence showing a medical source has familiarity

with the other evidence in the claim or an understanding of our disability

program's policies and evidentiary requirements").  20 C.F.R. § 416.920c(c)(1)-

(5).

Supportability and consistency are the most important factors, and therefore

the ALJ is required to explain how both factors were considered.  20 C.F.R. §

416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to
> support his or her medical opinion(s) or prior administrative
> medical finding(s), the more persuasive the medical opinions or
> prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior
> administrative medical finding(s) is with the evidence from other
> medical sources and nonmedical sources in the claim, the more
> persuasive the medical opinion(s) or prior administrative medical
> finding(s) will be.

ORDER - 9

20 C.F.R. § 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. § 416.920c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 416.920c(b)(3).

The Ninth Circuit addressed the issue of whether the changes to the regulations displace the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies.  *Id*.  The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records.  *Id.* at 792.  However, the ALJ is not required to make specific findings regarding the relationship factors.  *Id.*  Even under the new regulations, an ALJ must provide an

explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.*

### 1. Dr. Plotts

On June 22, 2018, Dr. Plotts, a treating provider, rendered an opinion on Plaintiff's functioning. Tr. 355-57. Dr. Plotts diagnosed Plaintiff with chronic leg pain and history of stroke. Tr. 355. She opined Plaintiff is unable to participate in work activities; chronic pain makes standing, walking, and sitting for any length of time difficult; and she is "severely limited," which is defined as unable to lift at least two pounds or unable to stand or walk. Tr. 355-36. Dr. Plotts opined Plaintiff's conditions were likely to limit her ability to work for 12 months. Tr. 356. The ALJ did not address Dr. Plotts opinion.

An ALJ is required to articulate how persuasive they found all medical opinions. 20 C.F.R. § 416.920c(b). The ALJ must explain how they considered the supportability and consistency of the opinions. 20 C.F.R. § 416.920c(b)(2). The ALJ did not address how persuasive he found Dr. Plotts' opinion, nor how he considered the supportability or consistency of the opinion.

Defendant contends the ALJ did not need to address Dr. Plotts' opinion because it was rendered in June 2018, and the relevant adjudicative period is April 1, 2019 onward. ECF No. 13 at 9-10. Evidence from outside the relevant period in a case is of limited relevance. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d

1   1155, 1165; *see also Fair v. Bowen*, 885 F.2d 597 (9th Cir. 1989).  The Ninth

2   Circuit, however, has held that the ALJ is required to consider "all medical opinion

3   evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20

4   C.F.R. § 404.1527(b)); 20 C.F.R. § 416.927.  While the Ninth Circuit was

5   considering the old standards for evaluating medical opinion evidence in

6   *Tommasetti*, the regulations still currently indicate that medical opinion evidence

7   predating the claimant's filing can be relevant.  *See* 20 C.F.R. § 416.912(b) (stating

8   that "[b]efore we make a determination that you are not disabled, we will develop

9   your complete medical history for at least the 12 months preceding the month in

10  which you file your application unless there is reason to believe that development

11  of an earlier period is necessary or unless you say that your disability began less

12  than 12 months before you filed your application.").  Further, Dr. Plotts opined

13  Plaintiff's limitations would last until June 2019, thus the opinion addressed

14  Plaintiff's functioning during the relevant period.  Tr. 356.[3]

15      The ALJ erred in failing to address Dr. Plotts' opinion.  On remand, the ALJ

16  is instructed to consider Dr. Plotts' opinion and incorporate the opinion into the

---

18  [3] The Court notes that this opinion was rendered after her prior claim was denied.

19  Tr. 94.  Thus, it was not rendered during a time when she was previously

20  determined not to be disabled.

ORDER - 12

1  RFC or give reasons supported by substantial evidence to find the opinion is not

2  persuasive.

3      *2. Dr. Metoyer*

4      On November 24, 2019, Dr. Metoyer, an examining source, conducted a

5  psychological examination and rendered an opinion on Plaintiff's functioning.  Tr.

6  780-85.  Dr. Metoyer diagnosed Plaintiff with generalized anxiety disorder; PTSD;

7  major depressive disorder, recurrent, moderate; and unspecified neurocognitive

8  disorder, due to stroke.  Tr. 784.  Dr. Metoyer opined Plaintiff requires the

9  assistance of a representative payee; her remote memory is mildly impaired; her

10  ability to interact with coworkers and the public is "likely" moderately impaired;

11  her ability to maintain regular attendance in the workplace is moderately impaired;

12  her ability to complete a normal workday/workweek is "likely" moderately to

13  severely impaired; and her ability to deal with the usual stress encountered in the

14  workplace is moderately to severely impaired if it involves persistent activity,

15  complex tasks, task pressure, or interacting with others.  *Id.*  Dr. Metoyer further

16  opined Plaintiff's other functional abilities appeared intact, such as her ability to

17  reason and understand.  *Id.*  The ALJ found Dr. Metoyer's opinion is persuasive.

18  Tr. 40.

19      The ALJ found Dr. Metoyer's opinion is supported by his examination and

20  consistent with the evidence.  *Id.*  However, the RFC does not appear to account

for Dr. Metoyer's opinion.  Tr. 33.  The ALJ did not give an explanation for

finding Dr. Metoyer's opinion persuasive but failing to fully account for the

opinion in the RFC.  For example, while Dr. Metoyer opined Plaintiff's ability to

complete a normal workday/workweek is moderately to severely impaired, Tr. 784,

the RFC does not contain any limitations indicating Plaintiff would be off-task or

would miss work, Tr. 33.  Thus, the ALJ either erred in his formulation of the RFC

as it is does not include limitations assess by Dr. Metoyer, or erred in his

consideration of Dr. Metoyer's opinion as the ALJ appears to have found portions

of Dr. Metoyer's opinion unpersuasive, without providing any reasoning for such

finding.  *See* 20 C.F.R. § 416.920c(b).  On remand, the ALJ is instructed to

incorporate Dr. Metoyer's opinion into the RFC or give reasons supported by

substantial evidence to explain any portion of the opinion the ALJ finds

unpersuasive.

### 3.  Dr. Morgan

On April 5, 2019, Dr. Morgan, an examining source, conducted a

psychological examination and rendered an opinion on Plaintiff's functioning.  Tr.

368-72.  Dr. Morgan diagnosed Plaintiff with panic disorder and major depressive

disorder, recurrent episode, moderate.  Tr. 369.  Dr. Morgan opined Plaintiff has no

to mild limitation in her ability to understand, remember, and persist in tasks by

following very short and simple instructions; moderate limitations in her ability to

ORDER - 14

understand, remember, and persist in tasks by following detailed instructions and make simple work-related decisions; and marked limitations in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, learn new tasks, perform routine tasks without special supervision, adapt to changes in a routine work setting, be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, complete a normal workday/workweek without interruptions from psychologically-based symptoms, and set realistic goals and plan independently.  Tr. 370.  Dr. Morgan opined Plaintiff's limitations were expected to last nine months with treatment.  *Id.*  The ALJ found Dr. Morgan's opinion is not persuasive.  Tr. 40.

First, the ALJ found Dr. Morgan's opinion is inconsistent with the record as a whole.  *Id.*  Consistency is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is.  20 C.F.R. § 416.920c(b)(2).  The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is.  20 C.F.R. § 416.920c(c)(2).  As the case is being remanded for the ALJ to consider Dr. Plotts' opinion and reconsider Dr. Metoyer's opinion, the ALJ is also instructed to reconsider Dr. Morgan's opinion.

ORDER - 15

For the purposes of the remand, the Court notes that the ALJ stated "[t]he majority of Dr. Morgan's opinion is also supported by his examination of the claimant." Tr. 40.  This appears to be a typographical error, as the ALJ found the opinion is not persuasive, and immediately before that statement the ALJ noted all the normal findings on examination.  *Id.*  Given the surrounding context of the paragraph, it appears the ALJ intended to state Dr. Morgan's opinion is not supported by his examination.  *See id.*  On remand, the ALJ is instructed to resolve this inconsistency.

**B. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims.  ECF No. 12 at 15-19.  An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).  "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

ORDER - 16

1    Second, "[i]f the claimant meets the first test and there is no evidence of

2    malingering, the ALJ can only reject the claimant's testimony about the severity of

3    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

4    rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

5    omitted).  General findings are insufficient; rather, the ALJ must identify what

6    symptom claims are being discounted and what evidence undermines these claims.

7    *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v.*

8    *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

9    explain why it discounted claimant's symptom claims)).  "The clear and

10   convincing [evidence] standard is the most demanding required in Social Security

11   cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

12   *Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

13       Factors to be considered in evaluating the intensity, persistence, and limiting

14   effects of a claimant's symptoms include: 1) daily activities; 2) the location,

15   duration, frequency, and intensity of pain or other symptoms; 3) factors that

16   precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

17   side effects of any medication an individual takes or has taken to alleviate pain or

18   other symptoms; 5) treatment, other than medication, an individual receives or has

19   received for relief of pain or other symptoms; 6) any measures other than treatment

20   an individual uses or has used to relieve pain or other symptoms; and 7) any other

ORDER - 17

factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence.  Tr. 34.

Because the case is being remanded for the ALJ to reconsider the medical opinion evidence, the ALJ is also instructed to reconsider Plaintiff's symptom claims.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").  For the purposes of the remand, the Court notes that the ALJ found Plaintiff's activities of daily living, including her caregiving for her parents and children, were inconsistent with Plaintiff's claims.  Tr. 34, 38-39.  However, the ALJ did not specify the nature, scope, nor duration of the care Plaintiff provided, and did not identify any other inconsistent activities.  On remand, the ALJ will provide an analysis of Plaintiff's activities, including her

ORDER - 18

caregiving activities, that identifies the specific activities' nature, scope, and

duration.  *See Trevizo v. Berryhill*, 871 F.3d 664, 675-76 (9th Cir. 2017).

**C. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits.

ECF No. 12 at 19.

"The decision whether to remand a case for additional evidence, or simply to

award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

When the Court reverses an ALJ's decision for error, the Court "ordinarily must

remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041,

1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

proper course, except in rare circumstances, is to remand to the agency for

additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security

cases, the Ninth Circuit has "stated or implied that it would be an abuse of

discretion for a district court not to remand for an award of benefits" when three

conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the

credit-as-true rule, where (1) the record has been fully developed and further

administrative proceedings would serve no useful purpose; (2) the ALJ has failed

to provide legally sufficient reasons for rejecting evidence, whether claimant

ORDER - 19

testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Further proceedings are necessary to resolve conflicts in the record. There are conflicting medical opinions in the record, and Dr. Morgan's opinion is inconsistent with his own normal examination. Further, while Plaintiff has reported no illegal substance use, Plaintiff tested positive for methamphetamine, opiates, ecstasy, and oxycodone in 2020. Tr. 977, 988. It is unclear from the record when Plaintiff began using substances, and if her use impacted her functioning. The ALJ should consider whether having an expert testify at the hearing is necessary to assist with determining Plaintiff's RFC and if the expert opines Plaintiff has disabling limitations, whether substance use may be a material factor in her disability. As such, the case is remanded for further proceedings consistent with this Order.

ORDER - 20

# CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED March 27, 2023.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 21